IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00096-MR-WCM

| | |
|---|---|
| USA FARM LABOR, INC. et al., | )<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) **PLAINTIFFS' UNOPPOSED**<br>) **MOTION TO STAY PROCEEDINGS**<br>) |
| JULIE SU, Acting Secretary of Labor,<br>U.S. Department of Labor, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

Plaintiffs respectfully move to stay proceedings to allow time for the U.S. Court of Appeals for the Fourth Circuit to decide the appeal of their motions for injunctive relief. Defendants do not oppose this motion. In support of the motion, Plaintiffs represent as follows:

1. On September 26, 2023, the Court denied Plaintiffs' motions for injunctive relief. [Doc. 50]. Plaintiffs have appealed those decisions to the U.S. Court of Appeals for the Fourth Circuit [Doc. 52].

2. In adjudicating Plaintiffs' appeal, the Fourth Circuit will weigh in on all the main issues in the case, including whether Plaintiffs are likely to succeed on the merits and whether they will suffer irreparable harm without an injunction. The Fourth Circuit will evaluate this Court's decision for abuse of discretion, reviewing

factual findings for clear error and legal conclusions de novo.  League of Women Voters of N. Carolina v. North Carolina, 769 F.3d 224, 235 (4th Cir. 2014).  The Fourth Circuit will evaluate the appeal from a similar perspective as this Court did, since "when a party seeks review of agency action under the [Administrative Procedure Act], the district judge sits as an appellate tribunal.  The entire case on review is a question of law."  Am. Bioscience, Inc. v. Thompson, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (quotation marks and citations omitted).

3. The Fourth Circuit's decision will provide authoritative guidance on the scope of the agency's power under the Immigration Reform and Control Act, whether the agency failed to consider important factors, and whether the agency failed to analyze the data available to it.  The Fourth Circuit's decision will provide guidance for further proceedings in this matter.

4. Plaintiffs seek no further relief from the Court at this time.  Plaintiffs respectfully argue that a stay of proceedings would preserve the resources of the Court and the parties.

5. "A court has the inherent authority to stay proceedings of a case, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  Malik v. Massey, No. 3:22-CV-00114-MR, 2023 WL 1116556, at *2 (W.D.N.C. Jan. 30, 2023) (quoting Landis v. N. Am. Co., 299 U.S. 248,

254 (1936)). Proper use of the power to stay a case "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983) (citation omitted). District courts should consider "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; (3) potential prejudice to the non-moving party." Sehler v. Prospect Mortg., LLC, No. 1:13CV473, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013).

6. All the Sehler factors weigh in favor of a stay. A stay would avoid the unnecessary and burdensome expenditure of the parties' and this Court's resources that would be required to continue adjudicating claims that may need to be revisited in light of the Fourth Circuit's decision. Granting a stay will not prejudice Defendants since they do not oppose this motion. No hearings have been scheduled in this action, and there are no pending deadlines other than the Certificate of Initial Attorneys Conference. Therefore, a stay would not affect any current proceedings in this Court.

7. The Parties will file a status report within 30 days of the Fourth Circuit's mandate, as well as any other status report ordered by the Court.

8. Counsel for the parties conducted the required attorney conference on October 30, 2023 [see unnumbered docket entry Oct. 16, 2023]. The Certificate of Initial Attorneys Conference is due today. However, the parties have agreed for

Plaintiffs to submit this motion in lieu of the conference certificate. If this motion is denied, Plaintiffs ask that the parties be given seven days to file the conference certificate.

Dated: November 6, 2023

Respectfully submitted,

/s/ Mark Stevens
Mark Stevens, VA Bar # 86247
Clark Hill PLC
1001 Pennsylvania Ave. NW, Suite 1300 South
Washington, DC 20004
Telephone: (202) 552-2358
Facsimile: (202) 772-0919
mstevens@clarkhill.com

Wendel V. Hall
Hall Global
1350 Connecticut Ave, N.W., Suite 1220
Washington, DC 20036
Telephone: 202-744-3250
wendel@halllawoffice.net

Patrick H. Flanagan, NC Bar # 17407
Cranfill Sumner LLP
P.O. Box 30787
Charlotte, NC 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
phf@cshlaw.com

*Counsel for Plaintiffs*