IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00096-MR-WCM

| | | |
|---|---|---|
| USA FARM LABOR, INC.; | ) | |
| JCP FARMS, LLC; | ) | |
| LAZY BS BAR, INC.; | ) | |
| B&B AGRI SALES, LLC; | ) | |
| HOGGARD FARMS; | ) | |
| MASCHING AGRICULTURE, LLC; | ) | |
| HUTTO GRAIN; | ) | |
| KD FARM & RANCH; | ) | ORDER |
| CIRCLE D FARMS; | ) | |
| TRIPLE T FARMS, INC.; | ) | |
| BEBB FARMS; | ) | |
| JAMERSON FARMS; | ) | |
| BRUCE YOUNG FARMS; | ) | |
| SK FARMS INC.; | ) | |
| KAUP PRODUCE, INC.; | ) | |
| COTEAU TILING, INC.; | ) | |
| HAALAND GRAIN FARMS; | ) | |
| LINCOLN COUNTY FEED YARD LLC; | ) | |
| CDC, INC.; | ) | |
| GRAND FARMING ENTERPRISES, INC.; | ) | |
| FOUR R'S RANCH LLC; | ) | |
| J D LAYMAN FARMS INC.; | ) | |
| MOLITOR BROTHERS FARM; | ) | |
| WRIGHT FARMS OF BUTLER CO INC; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| JULIE SU, | ) | |
| *Acting Secretary of Labor,* | ) | |
| *U.S. Department of Labor*; | ) | |
| BRENT PARTON, | ) | |
| *Acting Assistant Secretary of* | ) | |

1

| | |
|---|---|
| *Labor Employment and Training* | ) |
| *Administration,* | ) |
| *U.S. Department of Labor*; and | ) |
| **BRIAN PASTERNAK** | ) |
| *Administrator, Office of Foreign* | ) |
| *Labor Certification,* | ) |
| *U.S. Department of Labor,* | ) |
| | ) |
| **Defendants.** | ) |

_____

This matter is before the Court on "Plaintiffs' Motion for Leave to Conduct Discovery" (the "Motion for Discovery," Doc. 66).

## I. Relevant Procedural History

The original Complaint in this case was filed on April 10, 2023. Doc. 1. An Amended Complaint was filed on April 26, 2023, and a Second Amended Complaint was filed on May 24, 2023. Docs. 4, 10.

Generally, Plaintiffs seek an order, pursuant to Section 706(2) of the Administrative Procedures Act, 5 U.S.C. § 551, *et seq.* (the "APA"), setting aside a rule published by the Department of Labor (the "Agency") on February 28, 2023 entitled *Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States*, 88 Fed. Reg. 12,760 (the "Final Rule").

On May 26, 2023, Plaintiffs filed a Motion for Preliminary Injunction. Doc. 12.

On August 4, 2023, Defendants filed a Motion to Dismiss Plaintiffs' Complaint. Doc. 37.

On September 20, 2023, certain Plaintiffs filed a Motion for Temporary Restraining Order. Doc. 46.

On September 26, 2023, Chief District Judge Martin Reidinger denied the Motion to Dismiss, the Motion for Preliminary Injunction, and the Motion for Temporary Restraining Order (the "September 26 Order," Doc. 50).

On October 10, 2023, Defendants filed an answer. Doc. 51.

On October 23, 2023, Plaintiffs appealed the Court's denial of their Motion for Preliminary Injunction and Motion for Temporary Restraining Order. Doc. 52. That appeal remains pending.

On November 17, 2023, the parties filed separate Certifications and Reports of F.R.C.P. 26(F) Conference and Discovery Plan. Docs. 57, 58. In their report, Plaintiffs argued that the pretrial schedule should authorize the parties to conduct discovery. Doc. 58 at 1. In contrast, Defendants asserted that "[b]ecause this is an action for review on an administrative record, discovery is not appropriate or warranted and should not be conducted. Indeed, consideration of information outside of the administrative record could be reversible error." Doc. 57 at ¶ 3.

On December 11, 2023, the undersigned conducted an initial pretrial conference. Also on that day, Defendants submitted the administrative record on a thumb drive to the Clerk's Office. Doc. 59.

A Pretrial Order and Case Management Plan was entered on December 12, 2023 (the "Pretrial Order," Doc. 61). The Pretrial Order set a deadline of January 10, 2024 for the filing of motions related to the contents of the administrative record. Doc. 61.

On January 10, 2024, Plaintiffs filed the Motion to Supplement.[1]

On February 2, 2024, Defendants filed an additional copy of the administrative record on a disk with the Clerk's Office. Doc. 72.[2]

Defendants have responded to the Motion to Supplement and Plaintiffs have replied. Docs. 68, 70.

II. Discussion

"Judicial review of administrative action is generally confined to the administrative record." Fort Sumter Tours, Inc. v. Babbitt, 66 F.3d 1324, 1335 (4th Cir. 1995) (citing Fayetteville Area Chamber of Com. v. Volpe, 515 F.2d 1021, 1024 (4th Cir. 1975)).

---

[1] Plaintiffs also filed a "Motion to Require Defendants to Complete Administrative Record." Doc. 64. However, they later withdrew that motion. Doc. 76.

[2] Defendants contend that "technological issues with the documents in the record" precluded Plaintiffs from accessing certain documents contained on the thumb drive that was submitted on December 11, 2023, and that Defendants' February 2, 2024 filing remedied those issues. See Doc. 69 at 2.

4

However, "'there may be circumstances to justify expanding the record or permitting discovery.'" Nat'l Audubon Soc'y v. Dep't of Navy, 422 F.3d 174, 207 n.4 (4th Cir. 2005) (quoting Fort Sumter Tours, Inc. v. Babbitt, 66 F.3d 1324, 1336 (4th Cir.1995)). In that regard, federal courts "may supplement the record as presented by the agency if the 'bare record' does not reveal the agency's reasoning or if it appears that the agency acted in bad faith." Save Our Sound OBX v. N.C. Dep't of Transp., 914 F.3d 213, 226–27 (4th Cir. 2019); see also Trawler Carolina Lady, Inc. v. Ross, No. 4:19-CV-19-FL, 2019 WL 2246779, at *4 ("when 'there [is] such a failure to explain administrative action as to frustrate effective review' the court may 'obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary.'") (quoting Camp v. Pitts, 411 U.S. 138, 142–43 (1973)).

"'A party challenging an agency bears a special burden of demonstrating that the court should reach beyond the record.'" Sierra Club v. National Marine Fisheries Service, No. DLB-20-3060, 2024 WL 96341, at *12 (D.Md. Jan. 9, 2024) (quoting Sanitary Bd. of City of Charleston, W. Va. v. Wheeler, 918 F.3d 324, 334 (4th Cir. 2019)). "Whether to admit extra-record evidence pursuant to an exception is a matter within the Court's discretion." Id. (citing Piedmont Env't Council v. U.S. Dep't of Transp., 159 F. Supp. 2d 260, 270 (W.D. Va. 2001)).

Here, Plaintiffs wish "to conduct discovery into whether consideration of the effect of the agency's chosen methodology (as well as the effect of its chosen alternatives) on the illegal employment of foreign naturals in agriculture and the human trafficking needed to supply the workers would have affected the agency's decision making." Doc. 67 at 1. To that end, Plaintiffs seek leave to "serve on Defendants ten requests for production of documents, fifteen interrogatories, five notices of deposition, and thirty-five requests for admission." See Doc. 66-1 at 2. Plaintiffs contend that this discovery is required in light of a portion of the September 26 Order.

In that ruling, when considering Plaintiffs' argument that the Agency acted in an arbitrary and capricious manner because it failed to consider the impact the Final Rule would have on illegal immigration, the Court explained:

> As for the effects of the Final Rule on illegal immigration, the Plaintiffs argue that consideration of this factor was relevant because "the Final Rule will strongly discourage employers from using the H-2A program and thus has a predictable effect of increasing the employment of unauthorized workers, which would itself depress wages." [Doc. 13 at 14-15]. The Agency acknowledged that concern but reiterated its prediction that the Final Rule would increase wages for domestic workers, not depress them. Specifically, the Agency acknowledged that some commentors had concerns about implementing the Final Rule without "other program changes or addressing the undocumented workforce" and responded that while it was "sensitive" to these concerns, the "purpose of this rulemaking effort is to establish an AEWR methodology that guards against potential wage

6

> depression among similarly employed workers in areas where employers hire H–2A workers in accordance with H–2A program requirements." 88 Fed. Reg. at 12765. The Agency further concluded that the new AEWR methodology would prevent the wage depressive effects of previous methodologies. Id. at 12796. The Plaintiffs apparently disagree with the Agency's prediction that the Final Rule will not depress wages. However, *they have failed to present evidence to show the impact of the pool of unauthorized worker, or that the DOL ignored a substantial factor. Simply arguing that consideration of some other factor would render a different result is not a substitute for presenting evidence showing the likelihood of proving such*. Therefore, at this stage, they have not shown that they are likely to succeed on the merits of the question of whether the Agency's determination in this regard was arbitrary and capricious.
>
> Doc. 50 at 33–34 (emphasis added).

Plaintiffs argue that the Court's reasoning imposed "impossible to satisfy evidentiary burdens" on them such that they are entitled to conduct discovery. Doc. 67 at ¶ 10.

However, at the time the Court considered Plaintiffs' request for a preliminary injunction, the administrative record had not been submitted, see Docs. 50, 59, 72, and the Court was clear that Plaintiffs' failure to show that the Agency "exceeded its statutory authority or acted in an arbitrary or capricious manner when it enacted the Final Rule" was based "on the current record." Doc. 50 at 35. That is, the September 26 Order represented the Court's conclusion that Plaintiffs had not made a sufficient showing to justify

7

preliminary injunctive relief based on the information that was before the Court at that time. The undersigned does not read the September 26 Order as creating an additional evidentiary burden that Plaintiffs must carry in order to prevail on the merits of their claims that would justify the use of extra-record discovery.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion for Leave to Conduct Discovery (Doc. 66) is **DENIED**.

Signed: April 8, 2024

W. Carleton Metcalf
United States Magistrate Judge